1

2

3

4

5

6

7                              **UNITED STATES DISTRICT COURT**

8                             **EASTERN DISTRICT OF CALIFORNIA**

9

10

| | |
|---|---|
| JAVANCE J. HOUSE,<br><br>          Petitioner,<br>     v.<br><br><br>CONNIE GIPSON, WARDEN,<br><br>          Respondent. | Case No. 1:11-cv-00687-SKO-HC<br><br>ORDER SUBSTITUTING WARDEN CONNIE GIPSON AS RESPONDENT<br><br>ORDER DISMISSING STATE LAW CLAIMS AND DENYING THE REMAINDER OF THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1), DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

18      Petitioner is a state prisoner proceeding pro se and in forma

19 pauperis with a petition for writ of habeas corpus pursuant to 28

20 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have

21 consented to the jurisdiction of the United States Magistrate Judge

22 to conduct all further proceedings in the case, including the entry

23 of final judgment, by manifesting their consent in writings signed

24 by the parties or their representatives and filed by Petitioner on

25 May 12, 2011, and on behalf of Respondent on June 2, 2011.  Pending

26 before the Court is the petition, which was filed on April 20, 2011.

27 Respondent filed an answer on November 7, 2011.  Although the time

28 for filing a traverse has passed, Petitioner did not file a

                                    1

traverse.

I.   Jurisdiction and Substitution of Respondent

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

The challenged judgment was rendered by the Superior Court of the State of California, County of Kings (KCSC), which is located within the territorial jurisdiction of this Court.  28 U.S.C. §§ 84(b), 2254(a), 2241(a), (d).  Petitioner claims that in the course of the proceedings resulting in his conviction and sentence, he suffered violations of his constitutional rights.  The Court concludes it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254(a) and 2241(c)(3), which authorize a district court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. B, -, 131 S.Ct. 13, 16 (2010) (per curiam).

An answer was filed on behalf of Respondent Terri Gonzalez, who had custody of Petitioner at the California Men's Colony, East, in San Luis Obispo, California.  (Doc. 23.)  Petitioner thus named as a respondent a person who had custody of Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules).  See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The

fact that after the petition was filed, Petitioner was transferred

to the California State Prison at Corcoran, California (CSP-COR)

does not affect this Court's jurisdiction.  Jurisdiction attaches on

the initial filing for habeas corpus relief and is not destroyed by

petitioner's transfer and the accompanying custodial change.

Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) (citing Smith v.

Campbell, 450 F.2d 829, 834 (9th Cir. 1971)).  Accordingly, the

Court has jurisdiction over the person of the Respondent.

However, in view of the fact that the warden at CSP-COR is

Connie Gipson, it will be ordered that Connie Gipson, Warden of the

California State Prison at Corcoran, California, be substituted as

Respondent pursuant to Fed. R. Civ. P. 25.[1]

II.   Procedural Summary

Pursuant to a plea agreement, Petitioner pled no contest to two

counts of grand theft auto in violation of Cal. Pen. Code § 487(d)

and admitted having suffered two prior "strike" convictions pursuant

to Cal. Pen. Code §§ 667(b)-(i) and 1170.12(a)-(d) and three

convictions for which he served prison terms within the meaning of

Cal. Pen. Code § 667.5(b).  On July 8, 2008, after the Court denied

Petitioner's request to exercise its discretion to dismiss his prior

strike convictions pursuant to Cal. Penal Code § 1385, Petitioner

was sentenced to a total unstayed term of twenty-eight years to

life.  (Lodged Document (LD) 1; LD 4, 2.)

---

[1] Fed. R. Civ. P. 25(d) provides that when a public officer who is a party to a civil action in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. It further provides that the Court may order substitution at any time, but the absence of such an order does not affect the substitution.

The Court of Appeal of the State of California, Fifth Appellate District (CCA), affirmed the judgment on June 26, 2009.  The CCA concluded the sentencing court properly exercised its discretion and did not deny Petitioner's right to due process. (LD 4, 1-9.)

The California Supreme Court summarily denied Petitioner's petition for review on September 9, 2009, without a statement of reasoning or citation of authority.  (LD 6.)

III.   Factual Summary

In a habeas proceeding brought by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  The petitioner has the burden of producing clear and convincing evidence to rebut the presumption of correctness.  28 U.S.C. § 2254(e)(1); Sanders v. Lamarque, 357 F.3d 943, 947-48 (9th Cir. 2004).  This presumption applies to a statement of facts drawn from a state appellate court's decision.  Moses v. Payne, 555 F.3d 742, 746 n.1 (9th Cir. 2009).  The following factual summary is taken from the unpublished opinion of the CCA in The People v. Javance J. House, case number F055642, filed on June 26, 2009 (doc. 4, 2-5):

THE ROMERO REQUEST FN2

FN2. The facts underlying the offenses are not pertinent to the issue raised on appeal. Briefly stated, and as described in the probation officer's report (RPO), House and a coparticipant stole two vehicles from a dealership by loading them onto a trailer. When detected by police, they led officers on a high-speed chase.

According to the RPO, House was born in 1967 and was 40 years old at the time of the present case. His juvenile record consisted of a 1984 adjudication of first degree burglary, for which he received a Youth Authority commitment. His adult record consisted of a 1986

conviction of first degree burglary, a 1989 conviction of
battery on a custodial officer, a 1989 conviction of
possession of narcotics, and a 1998 conviction of making
criminal threats, all of which resulted in prison
sentences; and, between 1997 and 2004, four misdemeanor
convictions, for which House received jail and/or
probation. The RPO also reflected that House was returned
to custody numerous times while on parole following his
1989 and 1998 convictions.

Prior to sentencing, defense counsel filed a written
statement in mitigation and requested that the court
strike House's 1986 and 1998 serious felony convictions.
While acknowledging House's criminal history, counsel
argued that his strike priors were extremely old, he had
an extensive history of substance abuse, and he had
multiple mental health issues. Counsel argued that, with
proper treatment for these issues, House could become a
positive member of society, and in fact owned his own
handyman business prior to the present case. Counsel also
pointed out that neither House's strike offenses nor the
present crimes were violent.

The prosecutor opposed the request. In support, he
proffered a transcript of House's plea in his 1998 case.
The transcript showed that House admitted having suffered
two prior serious felony convictions for residential
burglary, one in 1984 and the other in 1986. As the court
in the 1998 case agreed to dismiss those strike
allegations, thereby sparing House from a life sentence,
the prosecutor argued House did not deserve leniency yet
again.

At sentencing, defense counsel reiterated his *Romero*
request. House personally asked the court to strike one of
the prior convictions, give him a prison sentence, and
order him into a drug treatment program in prison. House
expressed remorse for his crimes, but emphasized that he
had an extensive drug problem, his criminal history
contained no actual violence, and his strike priors were
10 and 22 years old.FN3 The prosecutor asked the court to
deny the request, stating:

> FN3. The first amended information alleged, and
> House admitted, that his residential burglary
> conviction occurred in 1989. We will assume,
> based on the defense's written motion, the RPO,

5

the transcript from the 1998 case, and House's
comments, that 1986 is the correct date.

"This defendant was facing this prospect back in
1998 in the Fresno Court and I don't know, Prop.
21 changed a lot of things, or I don't know if,
even if before that a first degree burglary as a
juvenile insisted [sic] a strike. I don't think
it did. But it looks like they considered that
to be two strikes that he was facing. He was
facing 25 years to life.

"And the Court decided ... that the Court was
going to strike not one but the two of them.
Now, whether or not one of them was actually a
strike or not, that's not important.

"I think what's important is to see how the
defendant reacted to this act of leniency from
the Court by giving him another chance. Clearly,
we see that the Court's leniency was misplaced.
The Court's faith in him rehabilitating was
wrong, and he was not deterred from continuing
the life of crime, and he didn't care that it
could lead to him being in this situation once
again facing a life sentence.

"It didn't stop him. It didn't stop him then and
we can see from that prior act that it won't
stop him in the future. If the Court gives him
another chance he's going to commit a crime
again and then he's going to face the situation
again and again. That is just who he is. He
commits crimes, constantly. He's been on parole
and he's returned on parole back to prison
numerous times. He can't blame the system.

"He was given an opportunity to deal with his
addiction and he, it doesn't have to be just
from the criminal system. He can do it on his
own if he wants to. He's never wanted to address
that. He just wants to steal to support his
habit, and I don't believe that this Court
should provide him with another opportunity."

After briefly taking the matter under submission, the court determined it was not "appropriate" to strike one of the prior convictions. It explained:

> "[I]n Mr. House's favor are the following factors:
>
> "One of the priors is quite old. Secondly, Mr. House appears to suffer from a mental condition which to a certain extent may mitigate his moral culpability, although it does not provide a legal defense to the crime. And thirdly, his role in this crime appears to have been somewhat secondary, at least in the sense that he was not the driver....
>
> "Factors that are not in favor of Mr. House's request are that in addition to the two strikes alleged in this case he appears to have a juvenile adjudication for a first degree burglary.
>
> "His criminal behavior based on the information set forth in the probation report has been Moore [sic] or less constant since 1984.
>
> "His performance on parole has been terrible with repeated returns to custody.... There really is no substantial period ever of time since 1984 that Mr. House has stopped violating parole and/or committing crimes.
>
> "With regard to the nature of this offense, it is true that the theft itself did not involve any violence; however, as thefts go, it appears to be Moore [sic] aggravated than most involving a really brazen taking of two new vehicles from the dealer's lot, loading them on the truck and then engaging in a relatively high speed and dangerous chase from the area of Highway 198 clear up into Fresno.
>
> "During this pursuit, Mr. House personally had at least two opportunities to abandon ... his flight....

> "So we have his word for it that his involvement
> was secondary. We don't know what conversation
> was between the two occupants during the chase,
> but certainly Mr. House's involvement was, even
> if it was less aggravated than the
> codefendant's, was certainly substantial in this
> matter."

(LD 4, 2-5.)

IV.   <u>Standard of Decision and Scope of Review</u>

Petitioner claims the sentencing court abused its discretion under Cal. Pen. Code § 1385 and violated his right to due process by depriving him of a fair sentencing hearing by considering inaccurate information.  He also contends his counsel was ineffective for failing to object to the sentencing court's consideration of Petitioner's juvenile adjudication and to the prosecutor's argument concerning the juvenile adjudication.

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision.  Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts.  Williams v. Taylor, 529 U.S. at 405-06.

The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]."  Early v. Packer, 537 U.S. 3, 8 (2002).  A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but applies it to a new set of facts in an objectively unreasonable manner, or 2) extends or fails to extend a clearly established legal principle to a new context in an objectively unreasonable manner.  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407.  An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable.  Williams, 529 U.S. at 410.

9

A state court's determination that a claim lacks merit precludes federal habeas relief as long as fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011).  Even a strong case for relief does not render the state court's conclusions unreasonable.  Id.  To obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 786-87.  The § 2254(d) standards are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof. Cullen v. Pinholster, 131 S.Ct. at 1398.  Habeas relief is not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA.  Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

In assessing under section 2254(d)(1) whether the state court's legal conclusion was contrary to or an unreasonable application of federal law, "review... is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 131 S.Ct. at 1398.  Evidence introduced in federal court has no bearing on review pursuant to § 2254(d)(1).  Id. at 1400.  In a habeas proceeding brought by a person in custody pursuant to a

10

judgment of a state court, a state's court's factual determination shall be presumed to be correct; the petitioner has the burden of producing clear and convincing evidence to rebut the presumption of correctness.  28 U.S.C. § 2254(e)(1).  A state court decision on the merits based on a factual determination will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceedings.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

With respect to each claim, the last reasoned decision must be identified to analyze the state court decision pursuant to 28 U.S.C. § 2254(d)(1).  Barker v. Fleming, 423 F.3d 1085, 1092 n.3 (9th Cir. 2005); Bailey v. Rae, 339 F.3d 1107, 1112-13 (9th Cir. 2003).  Here, the decision of the CCA was the last reasoned decision.

V.   Abuse of Discretion under State Law

Petitioner's claim that the sentencing court abused its discretion under state law in denying the motion to strike is not cognizable in a 28 U.S.C. § 2254 proceeding.

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 131 S.Ct. at 16; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not

11

cognizable in federal habeas corpus. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law, <u>Langford v. Day</u>, 110 F.3d 1180, 1389 (9th Cir. 1996), and is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that the state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

With regard to the claimed abuse of discretion, the CCA relied solely upon state law. The court determined that the trial court had not implicitly construed Petitioner's prior juvenile adjudication as a third serious felony, and had properly found it to be a significant offense that weighed against dismissing prior convictions. The sentencing court thus had not considered improper matter. The CCA expressly approved the prosecutor's argument that the juvenile adjudication highlighted the past leniency shown Petitioner, which the prosecutor argued was rendered inappropriate by Petitioner's subsequent recidivism. (LD 4, 6-7.) The CCA determined that Petitioner's case was not extraordinary and did not require striking the priors. The CCA relied on Petitioner's criminal record spanning more than two decades and consisting of more offenses than the sentencing court mentioned; his inability to remain crime-free for any appreciable length of time; his virtually life-long substance abuse without any significant attempt to obtain

treatment; and the presence of violent offenses in Petitioner's record, including both misdemeanor and felony battery convictions as well as making of criminal threats. The CCA determined that the record supported a conclusion that the sentencing court had considered the relevant factors under state statutes and decisions, had not acted arbitrarily or irrationally, had not committed an abuse of discretion, and had not violated Petitioner's due process rights. (Id. at 6-9.)

This Court cannot review the state court's interpretation or application of Cal. Pen. Code § 1385, the state statute that grants California sentencing courts the discretionary authority to dismiss a prior conviction in the interests of justice. A claim alleging misapplication of state sentencing law involves a question of state law which is not cognizable in a 28 U.S.C. § 2254 proceeding. See, Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (rejecting a claim that a state court misapplied state statutes concerning aggravating circumstances on the ground that federal habeas corpus relief does not lie for errors of state law); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (claims alleging only that the trial court abused its discretion in selecting consecutive sentences and erred in failing to state reasons for choosing consecutive terms not cognizable ); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim concerning whether a prior conviction qualified as a sentence enhancement under state law not cognizable); Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on other grounds, Mayle v. Brown, 538 U.S. 901 (2003) (claim that a petitioner should be resentenced after consideration of a motion to strike a prior conviction not cognizable).

Accordingly, Petitioner's claim concerning an abuse of discretion under state law should be dismissed because it is not cognizable in a 28 U.S.C. § 2254 proceeding.

VI.   Due Process

Petitioner argues that his right to due process of law was violated because the sentencing court considered unreliable or inaccurate information in determining Petitioner's sentence. Petitioner contends that the sentencing court considered Petitioner's juvenile adjudication as a prior serious or violent felony pursuant to California's three strikes law and based its sentencing choice on that factor and the prosecutor's improper argument concerning the juvenile adjudication.

A convicted person has a due process right not to be sentenced based on materially untrue information.  See Townsend v. Burke, 334 U.S. 736, 740-41 (1948).  To show a due process violation, an offender must show that the challenged information is materially false or unreliable, and that the sentencing judge relied, at least in part, on the information.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

Here, the state court properly concluded that the trial court did not consider the juvenile adjudication as a prior serious or violent felony conviction that warranted a three strikes sentence; rather, it considered the juvenile adjudication as part of the totality of Petitioner's criminal history.  The record does not

14

reflect reliance on materially false or unreliable information.
Likewise, the state court reasonably concluded that the prosecutor's
argument did not go to whether the juvenile adjudication was a
qualifying "strike," but rather to the extent of the Petitioner's
criminal history and of the leniency already extended to Petitioner
in the course of his criminal endeavors.

Petitioner does not advance, and the record does not reflect,
any other tenable theory of a due process violation.  Absent a
showing of fundamental unfairness, a state court's misapplication of
its own sentencing laws does not justify federal habeas relief.
Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  Here,
Petitioner has not shown any fundamental unfairness.  Further,
although an offender is entitled to statutorily mandated procedures
in the sentencing process, Hicks v. Oklahoma, 447 U.S. 343, 346
(1980), Petitioner has not shown that he was deprived of any
procedural entitlement.  Petitioner was entitled under state law to
have his prior convictions considered according to the pertinent
state statutes in light of the specific findings made by the trial
court in relation to those statutes.  The state court properly
determined that the sentencing court considered the statutory
criteria and arrived at its decision based on the pertinent law and
Petitioner's particularized circumstances.  Petitioner was thus not
deprived of any statutory entitlement.

To the extent Petitioner's due process argument might rest upon an assertion that he has a liberty interest that was violated by the state court's abuse of discretion, the source of any liberty interest would be state law.  However, here the state court has determined there was no abuse of discretion after affording Petitioner due process and considering the pertinent factors.  Thus, Petitioner has not shown a violation of any protected liberty interest.

In sum, the Court concludes that Petitioner has not shown the state court's decision was contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, Petitioner's due process claim should be denied.

VII.   Ineffective Assistance of Counsel

Petitioner alleges his counsel was ineffective for failing to object to the sentencing court's consideration of Petitioner's juvenile adjudication and to the prosecutor's argument concerning the juvenile adjudication.

The law governing claims concerning ineffective assistance of counsel is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Premo v. Moore, 131 S.Ct. at 737-38; Canales v. Roe, 151 F.3d 1226, 1229 n.2 (9th Cir. 1998).

The standard of review in a § 2254 proceeding involving allegations of ineffective assistance of counsel has been summarized by the United States Supreme Court as follows:

16

"To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.' [Strickland,] 466 U.S., at 688 [104 S.Ct. 2052]. A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. Id., at 689 [104 S.Ct. 2052]. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id., at 687 [104 S.Ct. 2052].

"With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' ...

" 'Surmounting Strickland's high bar is never an easy task.' Padilla v. Kentucky, 559 U.S. ----, ---- [130 S.Ct. 1473, 1485, 176 L.Ed.2d 284] (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial [or in pretrial proceedings], and so the Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. Strickland, 466 U.S., at 689-690 [104 S.Ct. 2052]. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.' Id., at 689 [104 S.Ct. 2052]; see also Bell v. Cone, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. Strickland, 466 U.S., at 690, 104 S.Ct. 2052.

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and §

17

2254(d) are both 'highly deferential,' id., at 689 [104
S.Ct. 2052]; Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117
S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply
in tandem, review is 'doubly' so, Knowles, 556 U.S.,
at ----, 129 S.Ct., at 1420. The Strickland standard is a
general one, so the range of reasonable applications is
substantial. 556 U.S., at ---- [129 S.Ct., at 1420].
Federal habeas courts must guard against the danger of
equating unreasonableness under Strickland with
unreasonableness under § 2254(d). When § 2254(d) applies,
the question is not whether counsel's actions were
reasonable. The question is whether there is any
reasonable argument that counsel satisfied Strickland's
deferential standard."

Premo v. Moore, 131 S.Ct. at 739-40 (quoting Harrington v. Richter,
131 S.Ct. 770).

The state court decision concerning the ineffective assistance

of counsel was as follows:

As there was no impropriety in the prosecutor's argument
or the court's reliance on the juvenile adjudication, it
follows that defense counsel was not ineffective for
failing to object to either. (See *People v. Beasley* (2003)
105 Cal.App.4th 1078, 1092 [failure to make unmeritorious
objections does not constitute deficient performance].)
Accordingly, we proceed to a determination of whether the
trial court erred by refusing to strike one or both of
House's prior serious felony convictions.

(LD 4, 7.)

Here, the state court concluded that pursuant to state law, the

sentencing court did not abuse its discretion in denying the motion

to strike.  The state court properly concluded that the sentencing

court did not improperly consider Petitioner's juvenile adjudication

and that the prosecutor's argument concerning the adjudication was

not improper or inconsistent with fair sentencing proceedings.

Because there was no error or impropriety on the part of the

sentencing court, counsel's failure to object or challenge the sentencing court was not ineffective assistance.  The failure to make a motion or assert an objection which would not have been successful does not constitute ineffective assistance of counsel. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994).

The state court's rejection of Petitioner's claim of ineffective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Petitioner's ineffective assistance claim will be denied.

VIII.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

19

473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

IX.  Disposition

Based on the foregoing, it is ORDERED that:

1)  Connie Gipson, Warden of the California State Prison at Corcoran, California, is SUBSTITUTED as Respondent; and

2)  Insofar as Petitioner raises a state law claim, the petition for writ of habeas corpus is DISMISSED, and insofar as the petition raises federal claims, the petition for writ of habeas corpus is DENIED; and

3)  The Clerk shall ENTER judgment for Respondent; and

///

///

4)   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 4, 2014**                                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE